UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHNAVON SAINT-VIL, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 22-10574-JCB |
| NELSON ALVES, | ) |
| Defendant. | ) |

ORDER ON MOTIONS TO APPOINT COUNSEL
AND TO PROCEED IN FORMA PAUPERIS
[Docket Nos. 1 and 2]

April 29, 2022

Boal, M.J.

Johnavon Saint-Vil has filed two requests but no underlying petition or complaint. Rather, it appears that Saint-Vil is seeking the appointment of counsel in order to pursue a habeas petition. For the following reasons, this Court denies Saint-Vil's motions without prejudice.

1. Appointment Of Counsel/In Forma Pauperis Application

By letter dated April 5, 2022, Plaintiff discusses his habeas proceedings in state court and requests the appointment of counsel. Docket No. 1. He also filed an application to proceed in forma pauperis. Docket No. 2.

"The Court may appoint legal counsel to financially eligible persons seeking habeas corpus under § 2241, 2254, or 2255 when the Court determines that the 'interests of justice so require.'" Cavitt v. Saba, CIV.A. 12-11700-WGY, 2012 WL 4094358, at *1 (D. Mass. Sept.

14, 2012) (Young, J.) (quoting 18 U.S.C. § 3006A(a)(2)).  "The decision to appoint counsel is discretionary; a habeas petitioner has no constitutional or statutory right to appointed counsel." Id. (citing Jackson v. Coalter, 337 F.3d 74, 77 n.2 (1st Cir. 2003)).

Here, the motion for appointment of counsel is denied without prejudice for two reasons. First, the motion to proceed in forma pauperis is incomplete, so this Court is unable to determine whether Saint-Vil is financially eligible for appointment of counsel.  It may well be that the plaintiff has no assets or debts, but he must complete the form in order to so advise this Court. For this reason, the motion to proceed in forma pauperis is also denied without prejudice.

Second, even if Saint-Vil is financially eligible, other than being unskilled in the law, this Court is unable to evaluate whether appointment of counsel is appropriate.  The three criteria that a court in this jurisdiction must use to determine "the 'rare' case where appointment of counsel for a habeas petitioner is warranted [are]: (1) the likelihood of success on the constitutional claim; (2) the factual complexity and legal intricacy of the claim; and (3) the ability of the prisoner to investigate and develop the factual record necessary to the claim."  Id. (citing United States v. Mala, 7 F.3d 1058, 1063–64 (1993) (additional citations omitted)).  In his motion, Saint-Vil does not provide any information with respect to the above factors.

Accordingly, the motions for appointment of counsel (Docket No. 1) and motion to proceed in forma pauperis (Docket No. 2) are each DENIED without prejudice.  It is further ordered, that Saint-Vil shall by **May 27, 2022**: (1) file a renewed motion for appointment of counsel (supported with a CJA-23 Financial Affidavit or equivalent); and (2) either (i) file a renewed and complete motion to proceed in forma pauperis on a Form AO-240 (or equivalent) or

(ii) pay **either** the $49.00 filing fee for the filing of a renewed motion for appointment of counsel, or the $5.00 habeas corpus fee if he also files a petition for habeas corpus.

2. Habeas Petition

As a separate matter, although Saint-Vil states that he "would like to ask this Honorable Court for an Appointment of Counsel, to file a Habeas Corpus Petition in the United States District Court for the District of Massachusetts" it is unclear whether he intended the motion for appointment of counsel to also be a petition. See Docket No. 1. "As a matter of federal law, . . . a federal habeas case commences with the filing of an application for habeas relief, not with the filing of a motion for appointment of federal habeas counsel, which the [Supreme] Court determined was not a motion on the merits." Voravongsa v. Wall, 349 F.3d 1, 4 (1st Cir. 2003) (citations omitted). The filing of a motion for appointment of counsel does not toll the filing limitations period for filing a petition. See id.

To the extent that Saint-Vil originally intended to file a petition for a writ of habeas corpus he may, but is not required to, file such a petition in this action on or before May 27, 2022. The Clerk is directed provide the standard §2254 form, a CJA-23 Financial Affidavit Form, and an AO-240 Form to Saint-Vil. Failure of Saint-Vil to comply with this order may result in dismissal of this action by a United States District Judge.

**SO ORDERED.**

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge