UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHNAVON SAINT-VIL,<br><br>    Plaintiff,<br><br>    v.<br><br>NELSON ALVES,<br><br>    Defendant. | Civil No. 22-10574-JCB |

ORDER ON MOTIONS TO APPOINT
<u>COUNSEL AND TO PROCEED IN FORMA PAUPERIS</u>
[Docket Nos. 5 and 6]

July 28, 2022

Boal, M.J.

    Johnavon Saint-Vil has filed motions to proceed in forma pauperis and to appoint counsel. Docket Nos. 5, 6.  For the following reasons, this Court denies Saint-Vil's motions without prejudice.

I.    <u>RELEVANT FACTUAL AND PROCEDURAL HISTORY</u>

    On January 18, 2022, the Massachusetts Appeals Court affirmed Saint-Vil's multiple convictions stemming from charges that he abused his girlfriend's children.  <u>See</u> <u>Com. v. Saint-Vil</u>, 100 Mass. App. Ct. 1120 (2022).  On appeal, Saint-Vil had argued ineffective assistance of counsel, asserting that his attorney failed to consult with enough experts to identify one who could provide a favorable opinion for his defense, and that such failure constituted ineffective assistance.  <u>Id.</u> at *2.  The Appeals Court disagreed, ruling that (1) Saint-Vil failed to show his counsel's conduct fell below the requisite standards where the decision not to include an expert

1

was a tactical one, and (2) Saint-Vil was not prejudiced because the Commonwealth's case relied much more heavily on the testimony of the child victims than on any expert. Id. at *2-3. On March 17, 2022, the Massachusetts Supreme Judicial Court denied further appellate review. Com. v. Saint-Vil, 489 Mass. 1104 (2022).

On April 14, 2022, Saint-Vil filed in the United States District Court for the District of Massachusetts motions to appoint counsel and to proceed in forma pauperis. Docket Nos. 1 and 2. On April 29, 2022, this Court denied both motions without prejudice because they lacked sufficient information. Docket No. 4. In denying both motions, this Court observed that it was unclear whether Saint-Vil intended to file a petition for a writ of habeas corpus. Saint-Vil was therefore provided an opportunity to file renewed motions (or in the case of the in forma pauperis motion, alternatively pay the filing fee) and to file a petition. Id. at 2-3.

On May 17, 2022, Saint-Vil filed renewed motions to appoint counsel and for leave to proceed in forma pauperis. Docket Nos. 5, 6. He did not, however, file a petition for a writ of habeas corpus. Along with the renewed motion for appointment of counsel, Saint-Vil provided an affidavit (Docket No. 6-1) that frames the issues resolved by the Massachusetts Appeals Court. Saint-Vil also provided a completed CJA-23 Affidavit (Docket No. 6-2) and a copy of his inmate financial transaction report (Docket No. 5-1). While not entirely clear, it appears that Saint-Vil may be seeking the appointment of counsel so that such counsel could file a habeas petition on his behalf.

II. ANALYSIS

"The Court may appoint legal counsel to financially eligible persons seeking habeas corpus under § 2241, 2254, or 2255 when the Court determines that the 'interests of justice so require.'" Cavitt v. Saba, CIV.A. 12-11700-WGY, 2012 WL 4094358, at *1 (D. Mass. Sept. 14, 2012)

(Young, J.) (quoting 18 U.S.C. § 3006A(a)(2)). "The decision to appoint counsel is discretionary; a habeas petitioner has no constitutional or statutory right to appointed counsel." Id. (citing Jackson v. Coalter, 337 F.3d 74, 77 n.2 (1st Cir. 2003)).

The U.S. Court of Appeals for the First Circuit has set forth three criteria by which a court must discern the "rare" case where appointment of counsel for a habeas petitioner is warranted: (1) the likelihood of success on the constitutional claim; (2) the factual complexity and legal intricacy of the claim; and (3) the ability of the prisoner to investigate and develop the factual record necessary to the claim. United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993).

Upon review of the financial documentation submitted by Saint-Vil in support of his motion to proceed in forma pauperis, this Court finds that Saint-Vil has sufficient funds to pay a filing fee. He does, however, appear to be financially eligible for the appointment of counsel.

With respect to Saint-Vil's motion for appointment of counsel, even if Saint-Vil is financially eligible for such appointment, an analysis of the above factors weighs against an allowance at this time. First, without a petition, this Court has an insufficient basis to determine whether there is a likelihood of success on the merits of a possible ineffective assistance of counsel claim. Second, based on the limited record, it appears that the legal issues in this case are not especially complex. Saint-Vil's claim looks to be a garden-variety ineffective assistance of counsel argument that has been fully briefed and argued in the state courts. Accordingly, appointment of counsel is unwarranted at this time.

Regarding the filing of a habeas corpus petition, this Court has previously invited Saint-Vil to file a petition under § 2254. Docket No. 4 at 3. He was provided with the § 2254 form, but he did not file a petition. As a matter of federal law, under Rule 2(c) of the Rules Governing

Section 2254 Cases in the United States District Courts, a petition containing specific information must be filed to initiate a case under § 2254.  While Saint-Vil did file a document entitled Affidavit in Support of Motion for Appointment of Counsel (Docket No. 6-1), this filing appears to support his motion rather than a separate petition.  In order to proceed with this case, Saint-Vil must file a petition in an accepted format with the required information.  This Court directs the Clerk again to provide Saint-Vil with the standard § 2254 form.  Saint-Vil must complete the § 2254 form and pay the $5.00 fee or submit a renewed motion to proceed in forma pauperis on or before August 25, 2022.  Failure to do so may result in the dismissal of this action by a United States District Judge.

**SO ORDERED.**

/s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE